IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARIE SANTOLI<br>1023 Thistleridge Rd.<br>Macedonia, OH 44056<br><br>**Plaintiff,**<br><br>vs.<br><br>**VILLAGE OF WALTON HILLS**<br>7595 Walton Road<br>Walton Hills, Ohio 44146<br><br>and<br><br>**MAYOR KEVIN HURST**<br>15076 Alexander Road<br>Walton Hills, Ohio 44146<br><br>and<br><br>**KENN THELLMANN**<br>13600 N. Partridge Road<br>Valley View, Ohio 44125<br><br>and<br><br>**SHARON SZCZEPANSKI**<br>9081 Brandywine Road<br>Northfield Center, Ohio 44067<br><br>**Defendants.** | Judge: PETER J CORRIGAN<br><br>CV 12 778179<br><br><br><br><u>**COMPLAINT**</u><br><br>**(Jury Demand Endorsed Herein)** |

Now comes Plaintiff, Marie Santoli, by and through the undersigned counsel, and for her Complaint against Defendants alleges and states the following:

## PARTIES

1. Plaintiff Marie Santoli ("Plaintiff Santoli") is and at all relevant times herein has been a resident of the State of Ohio.

2. Defendant Village of Walton Hills ("Defendant Walton Hills") is a public employer organized and existing under the laws of the State of Ohio, and at all times pertinent hereto, regularly conducts or solicits business, and/or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of Ohio.

3. Defendant Walton Hills is a political subdivision of the State of Ohio, located within Cuyahoga County.

4. Defendant Kevin Hurst ("Defendant Hurst") was and is the Mayor of the Village of Walton Hills and, at all times relevant to this Complaint, was Plaintiff's supervisor.

5. Defendant Kenn Thellmann ("Defendant Thellmann") was and is the Chief of Police of the Village of Walton Hills and, at all times relevant to this Complaint, was Plaintiff's supervisor.

6. Defendant Sharon Szczepanski ("Defendant Szczepanski") was and is the Dispatch Supervisor of the Village of Walton Hills and, at all times relevant to this Complaint, was Plaintiff's supervisor.

7. Plaintiff Santoli was, and is as of the day of filing, at all times pertinent to the Complaint, an employee of Defendant Walton Hills.

## VENUE

8. Whereas the anticipated amount of damages exceeds the jurisdictional amount of the Municipal Courts of Ohio under Revised Code § 1901.17, jurisdiction in this action rests in the Court of Common Pleas under § 2305.01 of the Ohio Revised Code.

9. Whereas the cause of action arose in Cuyahoga County, this Court is the proper venue for this action under Rule 3(B)(3) of the Ohio Rules of Civil Procedure.

## FACTS

10. On or around March 16, 2001 Marie Santoli began part-time employment for the Village of Walton Hills, Ohio.

11. Defendant Walton Hills had actual knowledge that Plaintiff retained her part-time employment at a restaurant when she began her employment with Defendant Walton Hills.

12. Defendant Walton Hills offered Plaintiff a full-time position on or around January 5, 2003, which she accepted and resigned from her part-time restaurant position to accept the full-time schedule with Defendant Walton Hills.

13. Plaintiff began her full-time status with Defendant Walton Hills on or around January 5, 2003.

14. During her tenure, Plaintiff had positive performance reviews and was consistently given pay raises to reflect her work ethic and abilities.

15. Plaintiff was initially employed as a dispatcher for the Village of Walton Hills.

16. Plaintiff's duties were expanded to include activities as Mayor's Clerk of Court, Records Custodian and Assistant to Police Chief, and eventually resulted in Plaintiff leaving the dispatching department.

17. On or around January 1, 2011 Kevin Hurst began his tenure as Mayor of the Village of Walton Hills.

18. Plaintiff, as the representative for the dispatchers and Clerk of Courts, was actively engaged in communications with the local chapter of the Fraternal Order of Police ("F.O.P.") from June 2010 through December 2011.

19. By January 2011, Defendant Village of Walton Hills was made aware that the Mayor's Clerk of Court position was subject to the safety personnel collective bargaining agreement.

3

20. On or around February 4, 2011 Defendant Village of Walton Hills paid approximately $1,052.00 to outside legal counsel, Dave Matty, for the purpose of reviewing and determining whether the Clerk of Court position was included in the safety personnel collective bargaining agreement, and received Mr. Matty's determination that the position was included in the agreement.

21. Defendants Walton Hills, Hurst and Thellmann intentionally interfered with Plaintiff's rights to participate in union activity by communicating directly with Otto Holm of the F.O.P. and generally discouraging the collective bargaining agreement discussions.

22. On or around March 14, 2011 Defendant Village of Walton Hills suspended its legislative action regarding the collective bargaining agreement.

23. On or around March 23, 2011 Defendant Hurst requested that Plaintiff's duties as Clerk of Court be terminated.

24. On or around June 1, 2011 Defendants Walton Hills, Hurst, and Thellmann changed Plaintiff's job duties and/or title from the position of Mayor's Clerk of Court to the position of dispatcher, third shift.

25. On or around June 6, 2011 Defendants Walton Hills, Hurst, Thellmann and Szczepanski circulated or caused to circulate a petition to "re-open" negotiations with the union.

26. On or around June 30, 2011 Defendant Szczepanski organized a meeting with the F.O.P. without Plaintiff's knowledge, although the authority to call meetings resided with Plaintiff as the representative to the F.O.P.

27. On or around September 8, 2011, due to an immediate family member's illness, Plaintiff requested a leave of absence based on her rights under the Family Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.* ("FMLA").

28. On September 21, 2011 Plaintiff began her leave under FMLA.

29. During Plaintiff's leave Defendants Walton Hills, Hurst, Thellmann, and Szczepanski did, on more than one occasion, investigate or cause a private investigator to investigate Plaintiff's private activities.

30. On or around December 3, 2011 Amy King provided an audit report to Defendants alleging errors in Plaintiff's performance as Mayor's Clerk of Court.

31. The errors contained in Amy King's report occurred after Plaintiff's tenure as Clerk of Court had ended.

32. Plaintiff was disciplined for the errors contained in Amy King's report, although errors were committed by another employee or other employees.

33. On or around December 5, 2011 North Coast investigations met with Defendants Walton Hills and Hurst.

34. On December 6, 2011 Robert Terpay, a private investigator, was seen parked near Plaintiff's residence at or around 8:30 am.

35. On December 6, 2011 Robert Terpay reported to the local police that he will be in the area doing surveillance 4 or 5 pm and he may be returning to the same area on December 7, 2011.

36. On December 9, 2011 a private investigator was seen parked near Plaintiff's ill family member's residence at or around 3:14 pm.

37. On or around December 9, 2011 a private investigator was seen following Plaintiff as she took her ill family member to medically necessary appointments.

38. On or around December 18, 2011 Plaintiff returned to her duties as a dispatcher.

39. On December 27, 2011 Plaintiff made a public records request to obtain, among other documents, the report from the private investigation of her activities during her FMLA leave.

40. On December 29, 2011 Defendants Walton Hills held a "pre-disciplinary" meeting regarding the audit report it had received from Amy King.

41. On December 29, 2011 Plaintiff attended the pre-disciplinary meeting and offered a written rebuttal to the report.

42. On or around December 30, 2011 Plaintiff received an employee review that mentioned her FMLA leave no less than two times and that rated her overall performance as "fair/passable", the lowest she had received since beginning her employment with Defendant Village of Walton Hills.

43. As of January 1, 2012 Defendants Walton Hills and Hurst reduce Plaintiff's pay rate by more than $3.00/hour, resulting in a loss of more than $6000.00 annually.

44. On or around January 6, 2012 Defendants Walton Hills and Hurst refused to produce some of the documents requested in Plaintiff's public records request and stated the reason for their refusal to release the private investigator's report was that it "remain[d] investigatory."

45. On or around January 21, 2012 a written reprimand was given to Plaintiff that stated she had violated an employee policy, although the reprimand did not specify the provision of the policy that she had allegedly violated.

46. On or around January 21, 2012 Plaintiff exercised her right, under the written employment manual, to request the specific provision of the policy alleged to be violated.

47. On or around February 20, 2012 as she has received no response from her January 21, 2012 request for the specific policy violated, Plaintiff again requested a response from Defendants.

## FIRST CLAIM FOR RELIEF
### (FMLA INTERFERENCE)

48. Plaintiff Santoli re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff Santoli's Complaint as if fully re-written herein.

49. Plaintiff qualified as an eligible employee under the FMLA.

50. Defendant Village of Walton Hills qualified as an employer of Plaintiff under the FMLA.

51. Plaintiff qualified for FMLA leave under 29 U.S.C.§§2611, 2612.

52. Plaintiff had an immediate family member whose medical condition was a "serious health condition" within the meaning of 29 U.S.C. § 2612 and 29 C.F.R. §825.114 and her immediate family member's medical condition resulted in Plaintiff's absence.

53. Plaintiff provided Defendant Village of Walton Hills with adequate, timely and sufficient notice under the circumstances of her need for leave.

54. Plaintiff's leave, commencing on September 21, 2011, was covered and protected by the FMLA and the regulations promulgated thereunder.

55. Notwithstanding the above, Defendants engaged in conduct prohibited under the FMLA, and the regulations promulgated thereunder, including but not limited to:

a. Improperly failing to adequately and sufficiently post, publish and/or otherwise notify Plaintiff of her rights under the FMLA in a timely manner;

b. Improperly causing private investigators and/or Village employees to follow, harass and/or otherwise intimidate Plaintiff and her ill family member while she was on leave protected under the FMLA;

c. Improperly interfering with Plaintiff's rights under the FMLA;

d. Improperly failing to timely, adequately and appropriately comply with the regulations promulgated under the FMLA.

## SECOND CLAIM FOR RELIEF
### (FMLA RETALIATION)

56. Plaintiff Santoli re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff Santoli's Complaint as if fully re-written herein.

57. Defendants improperly and unlawfully retaliated against Plaintiff for exercising her rights and protections under the FMLA and the regulations promulgated thereunder, including without limitation:

a. improperly and unlawfully issuing written reprimands;

b. denying her contractual right to a shift change;

c. improperly and unlawfully holding a "pre-disciplinary hearing";

d. improperly reducing her wages.

58. Defendants willfully, intentionally, and purposely violated Plaintiff's rights under the FMLA, as well as violated the requirements of the FMLA without reasonable grounds.

59. As a direct and proximate result of Defendants' violations of the FMLA and the regulations promulgated thereunder, Plaintiff has incurred all damages available at law, both past, present and into the future, specifically including emotional distress, pain and suffering, mental distress and all damages set forth in 29 U.S.C. § 2617, including without limitation

SUMMONS IN A CIVIL ACTION-01022RCAP COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

Case: 1:12-cv-01022-RCAP Doc #: 1-1 Filed: 04/25/12 9 of 16. PageID #: 12

| CASE NO. CV12778179 | D2 CM | SUMMONS NO. 19090710 |
|---|---|---|

Rule 4 (B) Ohio Rules of Civil Procedure

MARIE SANTOLI
VS
VILLAGE OF WALTON HILLS ET AL

PLAINTIFF
DEFENDANT

# SUMMONS

MAYOR KEVIN HURST
15076 ALEXANDER ROAD
WALTON HILLS OH 44146-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

ALYSSA M. KEENY
P O BOX 39631

SOLON, OH 44139-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas



| DATE Mar 20, 2012 | By _____ Deputy |
|---|---|

COMPLAINT FILED   03/15/2012



ISN130

CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. CV12778179 | D3 CM | SUMMONS NO. 19090711 |
|---|---|---|

Rule 4 (B) Ohio
Rules of Civil Procedure

| MARIE SANTOLI | PLAINTIFF |
|---|---|
| VS | |
| VILLAGE OF WALTON HILLS ET AL | DEFENDANT |

# SUMMONS

KENN THELLMANN
13600 N PARTRIDGE ROAD
VALLEY VIEW OH 44125-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on: 

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Plaintiff's Attorney

ALYSSA M. KEENY
P O BOX 39631

SOLON, OH 44139-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE Mar 20, 2012 | By_____ Deputy |
|---|---|

COMPLAINT FILED 03/15/2012



ISN130

| CASE NO. CV12778179 | D4 CM | SUMMONS NO. 19090712 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

| MARIE SANTOLI VS VILLAGE OF WALTON HILLS ET AL | PLAINTIFF DEFENDANT |
|---|---|

## SUMMONS

SHARON SZCZEPANSKI
9081 BRANDYWINE ROAD
NORTHFIELD CENTER OH 44067-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

ALYSSA M. KEENY
P O BOX 39631

SOLON, OH 44139-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE Mar 20, 2012 | By _____ Deputy |
|---|---|

COMPLAINT FILED 03/15/2012

MSN130

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12778179 | D1 CM | 19090709 |

Rule 4 (B) Ohio
Rules of Civil Procedure

| MARIE SANTOLI | PLAINTIFF |
|---|---|
| VS | |
| VILLAGE OF WALTON HILLS ET AL | DEFENDANT |

# SUMMONS

VILLAGE OF WALTON HILLS
7595 WALTON ROAD
WALTON HILLS OH 44146-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

ALYSSA M. KEENY
P O BOX 39631

SOLON, OH 44139-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas



| DATE | |
|---|---|
| Mar 20, 2012 | By_____ Deputy |

COMPLAINT FILED 03/15/2012



ISN130

lost wages, lost salary, loss of employment benefits, loss of other compensation denied and lost, cost of care, medical expenses, interest, costs of litigation, attorney fees and liquidated damages equal to the sum set forth in 29 U.S.C. § 2617. Plaintiff hereby seeks recovery of all damages incurred, and those that will be incurred in the future.

## THIRD CLAIM FOR RELIEF
### (NEGLIGENT RETENTION AND SUPERVISION)

60. Plaintiff Santoli re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff Santoli's Complaint as if fully re-written herein.

61. Defendants owed Plaintiff Santoli a duty to refrain from negligently injuring her.

62. Defendant Village of Walton Hills' agents, Defendants Hurst, Thellmann and Szczepanski's retaliation and discrimination against Plaintiff for exercising her rights under the FMLA, constitute incompetence.

63. Defendants' failure to take corrective action resulted in the negligent retention and supervision of Defendants Hurst, Thellmann and Szczepanski, and caused Plaintiff's injuries.

64. As a direct and proximate result of Defendants negligence, Plaintiff has suffered economic, physical and emotional damages.

## FOURTH CLAIM FOR RELIEF
### (INVASION OF PRIVACY)

65. Plaintiff Santoli re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff Santoli's Complaint as if fully re-written herein.

66. Defendants' actions toward Plaintiff, including but not limited to improperly causing private investigators and/or Village employees to follow, harass and/or otherwise intimidate Plaintiff and her ill family member while she was on leave protected under the FMLA, constitute and invasion of Plaintiff's privacy under the common law of Ohio.

### FIFTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

67. Plaintiff Santoli re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff Santoli's Complaint as if fully re-written herein.

68. Defendants owed Plaintiff a duty to refrain from intentionally injuring her.

69. Defendants Hurst, Thellmann and Szczepanski as agents of Defendant Village of Walton Hills, breached their duty to Plaintiff by acting willfully and maliciously, with spite and ill will, and with reckless disregard for Plaintiff's legal rights.

70. Defendants' intentional actions, as set forth above, proximately caused injury to Plaintiff in the form of apprehension, fear, anxiety, stress, emotional trauma, embarrassment, loss of self-esteem, harm to Plaintiff's reputation and physical injury in the form of the onset and/or aggravation of physical ailments.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

**As to All Counts:**

A. That this Court award compensatory damages, in an amount in excess of $25,000 for her loss of economic opportunity, humiliation, embarrassment, loss of reputation, loss of self-esteem, and physical and emotional distress in an amount to be determined at trial;

B. That this Court award Plaintiff Santoli punitive damages in an amount to be determined at trial;

C. That this Court award Plaintiff Santoli attorney's fees, costs and interest as to all counts in an amount to be determined at trial;

D. That this honorable Court grant Plaintiff Santoli such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ Alyssa M. Keeny*
WARNER MENDENHALL (0070165)
190 N. Union Street, Suite 201
Akron, OH 44304
Phone 330.535.9160
Fax 330.762.9743

ALYSSA M. KEENY (0082715)
P.O. Box 39631
Solon, OH 44139
Phone 440.477.5484
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

*[signature]*
Alyssa M. Keeny (0082715)
*Attorney for Plaintiff Marie Santoli*